## Joseph Trowbridge *versus* Spencer Cushman.

In an action by the holder of a joint and several note signed by the two makers with their individual names, against an officer for levying the execution of a prior attaching creditor of one of the makers upon an undivided half of their joint property, to the exclusion of the execution of such holder, on whose behalf the officer had attached the same property, parol evidence was held to be admissible to show the existence of a partnership between the makers, and the time and manner of executing the articles of partnership and the note, and to prove, that such note was given for the partnership account ; and the officer, having had notice of the claim of such holder, he was adjudged to be liable in such action, although it did not appear, by the original writ or the execution issued in favor of the holder against the makers of such note, that the makers were in partnership.

By an agreed statement of facts it appeared, that on the 5th of March, 1834, an instrument in writing, dated February 18th, 1834, was signed by Frederick Curtis and Charles Barstow, by which the parties, after reciting that they had purchased the stock in, and taken a lease of the yard recently occupied by Leavitt Souther, agreed to enter into partnership for the purpose of carrying on the business of ship-building &c., under the firm of Curtis & Barstow ; that on the same day a joint and several note, dated February 28th, 1834, for the sum of $ 964·40, payable to Souther, was signed by Curtis and C. Barstow in their individual names ; that two other

joint and several notes for the sum of $ 824·25, each, dated August 18th, 1834, and payable to Souther, were also signed by Curtis and Barstow in the same manner ; and that these notes, which were given for ship-timber &c. then lying in the ship-yard of Souther, were indorsed by him to the plaintiff.

On the 9th of January, 1835, one undivided half of certain articles owned in common by the partners, a part of which formed the consideration of the notes before mentioned, was attached by the defendant, as a deputy sheriff, on a writ issued in favor of William C. Barstow against Charles Barstow ; and subsequently, the defendant attached the whole of the same articles on a writ issued in favor of the plaintiff against Curtis and C. Barstow, it not appearing in such writ that they were partners or that the debt was a partnership debt. W. C. Barstow, having recovered judgment, delivered his execution within thirty days to the defendant, who levied the same on the property so attached and applied a portion of the proceeds, amounting to the sum of 1051·25, in satisfaction of the execution. The plaintiff subsequently obtained execution in his action against Curtis and C. Barstow, and delivered the same to the defendant, to be satisfied out of such proceeds ; but the defendant applied thereto only the net amount of such proceeds after deducting the amount appropriated to the execution in favor of W. C. Barstow. Curtis and C. Barstow were not described as partners, in the plaintiff's execution.

It appeared, that the defendant had no other knowledge of the claims of the parties in these actions, than what appeared from the precepts executed by him ; but that the plaintiff forbade him from applying any portion of the proceeds of such property in satisfaction of the execution of W. C. Barstow, and demanded that the whole should be applied to his own.

If the Court should be of opinion, that the evidence of the consideration of the notes and of the time and manner of their execution, and of the execution of the agreement of partnership, was relevant and admissible, and if relevant and admissible, that the whole net amount of the proceeds of the property attached should have been applied in satisfaction of the plaintiff's execution, without regard to the prior attachment by W. C. Barstow, the defendant was to be defaulted, and judg-

Trowbridge
    *v.*
Cushman.

ment to be rendered against him for the sum of $1051·25; otherwise, the plaintiff was to become nonsuit.

The case was argued in writing.

*J. J. Clarke*, for the defendant. The officer is not privy nor taken to have any knowledge of the cause of action on which the precept directed to him for service, is founded The precept ought to contain all the matters of fact necessary for him to know, for a proper and safe discharge of his duty *Parker* v. *Dennie*, 6 Pick. 230. If this be so, the reasons are equally strong, that, in an action against him for misfeasance or nonfeasance, evidence should not be admitted which cannot be supposed to have come to his knowledge, and which he ought not to be required to know. But let the questions about partnership debts and the admissibility of parol evidence be as they may, it seems as if there should be something in the original process, in the proceedings in court, or in the execution, to inform the officer, if the debt were a partnership debt or a claim for which the partnership was first liable. Curtis and C. Barstow might hold property as joint tenants or tenants in common, without being partners; and no rule has been established, making the property of joint tenants or tenants in common first liable to satisfy claims upon all the joint tenants or tenants in common, before claims upon them severally, unless a prior lien be acquired by attachment or otherwise.

*Gay* and *W. Baylies*, for the plaintiff, to the point, that the parol evidence was admissible, cited *Davenport* v. *Mason*, 15 Mass. R. 85.

PUTNAM J. drew up the opinion of the Court. The main question seems to be, whether the evidence which was admitted to prove that the plaintiff's claim was against Curtis and Barstow as copartners, was competent testimony; for the result of the evidence cannot be questioned. It proves that the plaintiff's demand was against the partnership, and of course, that it had a legal preference over the demand of the creditor for whom the defendant acted as an officer, for a claim against one of the individual partners.

The plaintiff's claim was upon promissory notes made by Frederick Curtis and Charles Barstow, jointly and severally,

to Leavitt Souther or order, and indorsed by the payee ; and the notes purport to be for value received. And it is contended, that as they are not signed in the name of the partnership, (if the partnership be proved,) they must be presumed to be given for their joint account as individuals, and not as partners ; and that, inasmuch as the defendant levied on an undivided moiety of the personal property which (as he alleges) Curtis and Barstow owned as tenants in common, and inasmuch as his attachment was made before the plaintiff's attachment, his levy shall be held to be valid, and the rule of law which gives a preference to creditors of a partnership, does not apply to tenants in common, so as to give a creditor of them all any preference over a creditor of one of them.

We are then to consider whether the evidence to prove the partnership, and to prove that the notes were given on the partnership account, and the time and manner of executing the agreement of the partnership, and the notes, was legally admitted.

And, first, as to the consideration. The evidence introduced proves what was the value received ; and nothing which was proved contradicts or varies the writing. If it be granted that, as the promisors signed in their individual names and not in the name of the firm, the presumption would be, that it was for an individual and not for a partnership concern, yet the presumption may be rebutted by parol evidence. The parol evidence, that these notes were given for the property applied to the use of the firm, rebuts the supposed presumption that they contracted in their individual capacity. Their legal liabilities upon the notes were precisely the same as if they had signed in the name of their firm. An execution which should issue against them jointly, might be levied upon their joint as well as upon their several property. And the evidence which was introduced to show that the notes were given by the makers as partners, for ship-timber, &c. which came to their use, was not contradictory, but properly explanatory and consistent with their subjecting themselves in the manner they did, to pay for the property.

Then in respect to the evidence of the partnership, it was conclusive. And as to the time when the papers were ex-

Trowbridge
*v.*
Cushman.

ecuted, it seems not to be doubted, that they take effect from the time when they were delivered.   So, in the case of deeds, they take effect not from the date, but from the delivery ; and parol evidence is admissible to prove that the deed was delivered either before or after the date.   1 Phill. Evid. *c.* 10, § 1, and cases cited.

So in a case lately decided in Middlesex, (*Hall* v. *Tufts*, 18 Pick. 455,) it was held, that a note which in a mortgage was described as dated in the year one thousand *seventeen* hundred and ninety-eight, was intended for the note which was produced, which was dated one thousand *seven* hundred and ninety-eight.   The time when the papers were delivered was proved clearly by parol evidence, and that the note produced was the one referred to in the mortgage, notwithstanding the mistake therein of one thousand years in the date of it.

But it has been urged for the defendants, that he was to look only to his precept, and that the evidence, if good as between the parties, could not be admitted against him.   The defendant, we presume, has an indemnity from the party to whom he lends his aid.   He acted upon full notice of the plaintiff's claims.   But if he has no indemnity to relieve him, he acts at his own peril.   We may regret his imprudence, but cannot warp the law.   He represents the rights of his principal, and must fail if those rights are not legally sustained.

We are all of opinion, that the evidence was properly admitted ; and that it proved that the plaintiff's demand was due from the partnership, and had a legal priority over the claim of the creditor of one of the partners, in whose behalf the defendant acted.   The defendant is to be defaulted ; and, according to the agreement of the parties in that event, judgment is to be rendered for the plaintiff in the sum of $ 1051.25 and costs.